[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 10, 2005**
**THOMAS  K. KAHN**
**CLERK**

_____

No. 04-11532
Non-Argument Calendar

_____

D. C. Docket No. 02-21642-CV-KAM

JEFFREY D. KAMLET,

Plaintiff-Appellee,

versus

HARTFORD LIFE AND ACCIDENT
LIFE INSURANCE CO.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 10, 2005)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Hartford Life and Accident Insurance Company appeals the district court's

final judgment awarded in favor of Jeffrey Kamlet. Kamlet had filed suit against Hartford to recover contractual disability benefits that Hartford had deducted from his benefit after it learned that he had worked part-time. Hartford appeals the district court's interpretation of the Summary Plan Description ("SPD"), and also argues that the district court's finding of reliance is clearly erroneous.

A plan's summary does not comply with the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1381, if it is not an accurate interpretation of the original plan. McKnight v. Southern Life and Health Ins. Co., 758 F.2d 1566, 1570 (11th Cir. 1985). "ERISA provides that the summary shall be an accurate and comprehensive document that reasonably apprises the employees of their rights under the plan." Id. If there is an inconsistency between the plan and its summary, the summary's interpretation controls. Id.

Having carefully considered the SPD in its entirety, we agree with the interpretation of the district court. The SPD provides that a beneficiary such as Kamlet "will be paid an Income Benefit as shown in the Insurance Schedule." The Insurance Schedule provided as follows:

INCOME BENEFIT     60% of Monthly Earnings, rounded to the
                   next higher $1.00

Minimum Income Benefit:     $100 per month

2

Maximum Income Benefit:     $6,000 per month

Thus, the SPD defines Income Benefit as 60% of monthly pre-disability earnings, but provides that the maximum shall be $6,000 per month.  Under a section of the SPD entitled "Partial Disability Benefit," the SPD provides:    "The Partial Disability Benefit is equal to the Income Benefit reduced by: (a) 50% of the pay from gainful employment."  In this case, the district court held, consistent with Kamlet's interpretation of the SPD, that 50% of Kamlet's wages for part-time work should be subtracted from a figure of approximately $9,000 (60% of Kamlet's monthly pre-disability earnings).

Hartford took the position in the district court, and argues on appeal, that 50% of the part-time wages should have instead been subtracted from $6,000, the Maximum Income Benefit, and the benefit which was actually being paid Kamlet prior to his engaging in part-time work.  It is true that there is a provision in the master policy itself which would support Hartford's argument that the intention of the insurance company was that 50% of part-time wages would be subtracted from the Maximum Income Benefit, rather than the Income Benefit.  However, that provision of the master policy was not included in the SPD.   We readily conclude that the district court correctly held that the SPD prevailed over the inconsistent terms of the

3

master policy.[1]

Thus, we conclude that the district court correctly interpreted the language of the SPD, and correctly concluded that the SPD language prevailed over the inconsistent language in the master policy. Moreover, even if the SPD were somewhat ambiguous in this regard, the result would be the same.

Turning to Hartford's argument that the district court's finding of reliance was clearly erroneous, we conclude that the district court did not clearly err when it found that Kamlet detrimentally relied on the language in the SPD.[2] We have reviewed Kamlet's testimony and found it consistent with the court's conclusion. The one line of testimony that Hartford relies upon, that Kamlet would not have taken the job at Barry University because he did not realize he had to do something to maintain his license, did not mean that he took the job because he had to maintain his license as

---

[1]     We also reject Hartford's argument that the term "Income Benefit" cannot reasonably be interpreted as the district court did because the benefit provision as articulated both in the master policy and in the SPD provided "you will be paid an Income Benefit." Hartford argues that the term "Income Benefit" could not possibly mean $9,000 because that amount could never be paid under the policy in light of the $6,000 maximum. We reject Hartford's argument that the benefit provision is inconsistent in that respect; Hartford quotes only part of the benefit provision, omitting the following underlined portion: "You will be paid an Income Benefit as shown in the insurance schedule." The Income Benefit as shown in the insurance schedule would have been the $9,000 (60% of pre-disability earnings) except for the maximum which is of course also shown in the Insurance Schedule. Similarly, we find unpersuasive Hartford's argument based upon the distinction between the definite article "the" and the indefinite article "a."

[2] Like the district court, we decline to reach the issue of what type of reliance is required.

4

Hartford appears to argue. Rather, it was in response to the question "And your testimony today is that you would not have taken the job at Barry University had you been aware that half of your salary would be deducted from $6000, instead of $9000?" It is clear that Kamlet's response was an acknowledgment of the truth of the substance of that question and then an elaboration that he would not have taken the job, *especially since* he did not know that he needed to have a job at that point. Other parts of his testimony are consistent with the district court's finding of his reliance. Therefore we reject Hartford's argument that the district court erred when it found detrimental reliance.

AFFIRMED.